UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

LIOUDMILA SCHNELL on behalf of herself and
all other similarly situated consumers

                              Plaintiff,

      -against-

UNITED COLLECTION BUREAU, INC.

                              Defendant.
───────────────────────────────────────────

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Lioudmila Schnell, brings this action against United Collection Bureau, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq*. ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Toledo, Ohio.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Lioudmila Schnell

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about February 17, 2015, Defendant sent the Plaintiff a collection letter.

11. The said letter was an effort to collect on a consumer debt.

12. The said February 17, 2015 stated as follows: "As of the date of this letter, you owe the above Current Account Balance. Because of interest and/or other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after your payment is received. For further information, you may write to our office or call the telephone number within this communication."

13. 15 U.S.C. § 1692g states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) The amount of the debt.

14. On information and belief, the said February 17, 2015 letter was the Defendant's initial

communication with the Plaintiff.

15. The Defendant, by stating the above language, failed to provide the consumer with the actual amount of the debt.[1]

16. The Defendant further misrepresented the amount of the debt owed by the Plaintiff.[2]

17. The said language deceptively threatens "interest and/or other charges" of which on information and belief, the Defendant does not engage.

18. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

19. Defendant's actions as described herein are deceptive as the said debt was not prone to any accrual of interest and/or other charges that would vary from day to day.

20. In fact, the Defendant had no legal or contractual right to take such actions.

21. The Defendant's letter is in violation of 15 U.S.C. § 1692e for falsely suggesting that if the Plaintiff would pay immediately, it would be a benefit to her financially as the amount would possibly change due to "interest and/or other charges" that may be added after the date of the letter.

22. As the amount the Defendant seeks to collect never varies from the date of issuance, and Defendant never makes adjustments after it receives payment in the amount of the initial

---

[1] Beauchamp v. Fin. Recovery Services, Inc., 2011 U.S. Dist. LEXIS 25512, 2011 WL 891320, at *2 (S.D.N.Y. Mar. 14, 2011). (Ultimately, the critical question [in determining whether a communication violates the F.D.C.P.A.] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the [6] meaning of the message. . . . letter may, in violation of 15 U.S.C. § 1692g, make the least sophisticated consumer uncertain as to her rights and confused about the total amount she owes where the "[l]etter provides that the outstanding balance may increase".)

[2] Rozier v. Financial Recovery Systems, Inc., No. 10-CV-3273 (DLI)(JO) (E.D.N.Y. June 7, 2011). (The language used in the collection letter at issue here does not clearly state the total amount due, inform the consumer of the amount of any additional charges on the account or inform the consumer whether charges in addition to those included in the total amount due stated in the letter will even apply to the consumer's account. Furthermore, even if the total balance due is stated in several different places, the amount actually due when the consumer receives the collection letter could, according to the very language in the letter, be completely different than the amount listed.)

letter, the statement in its letter is false, deceptive and misleading.[3]

23. Although the Seventh Circuit has suggested a statement to satisfy a debt collector's duty to specify the amount of the debt in cases where the amount varies from day to day, see *Miller*, 214 F.3d at 876, a better solution may be to require debt collectors to state the amount of debt, including interest and all other charges, due on a date certain in the future after the debtor's receipt of the letter. A debtor that chooses to timely pay the debt is advised of the amount of payment that will completely satisfy his obligation. On the other hand, a debtor that neglects his or her account is notified of the ever-increasing amount that accrues by the failure to promptly satisfy the debt.

24. The Defendant in this case was not going to impose interest and/or other charges on the Plaintiff's account and was therefore not protected by the safe-harbor language.

25. An unsophisticated consumer would be misled by this language because it suggests that the Defendant could potentially impose additional charges, even though that would never actually occur.[4]

26. The Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) and 1692g(1) for misrepresenting the amount of the debt owed, for false and deceptive threats and for failing to accurately state the balance of the debt by stating that the outstanding balance may increase. Therefore, leaving the least sophisticated consumer to be uncertain

---

[3] Safdieh v. P & B Capital Group, LLC, Civ. Action No. 14-3947 (FLW)(LHG) (D.N.Y. May 12, 2015). (Applying the least sophisticated debtor test, I find that Defendant is not entitled to judgment as a matter of law. Defendant's letter states: "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check." This statement, from the perspective of the least sophisticated debtor, is misleading, because the least sophisticated debtor may read the letter to mean that his or her account is subject to interest or late charges, and that she may ultimately owe more money than the letter shows. This meaning is false, because Plaintiff's account was not, allegedly, subject to interest or charges.)

[4] Reeseg v. General Revenue Corporation, Civ. No. 2: 14-CV-08033-WJM-MF (D.N.Y. July 27, 2015). ([Plaintiff] sufficiently pleads that the collection letter is deceptive under § 1692e(10). Moreover, a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). For the reasons stated above, the least sophisticated consumer may also reasonably interpret the collection letter as a threat that [Defendant] may increase the amount owed, notwithstanding the fact that [Defendant] is contractually authorized to collect only the initial balance. . . . Additionally, the Court rejects [Defendant's] argument that the collection letter contains the "safe harbor" language described in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000).); see also Kolganov v. Phillips & Cohen Associates, 2004 WL 958028 *3 (E.D.N.Y.)

of her rights.

27. In addition to the above mentioned allegations, the Defendant's February 17, 2015 initial communication letter contained a validation notice at the bottom of the said letter, pursuant to 15 U.S.C. § 1692g of the FDCPA.

28. The validation notice stated as follows: "Unless you notify this office **within 30 days after receiving this notice** that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you do notify this office in writing within 30 from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor." (emphasis added)

29. At the very beginning of the letter however, the Defendant stated: "Unless you dispute the validity of this debt or any portion thereof, please make your payment to Citibank at the remit address below or call our office for arrangements."

30. The first paragraph at the beginning of the letter contradicted and overshadowed the Plaintiff's validation rights as stated at the bottom of the letter, as the first paragraph failed to state that the Plaintiff had only a **thirty day period** to dispute the debt.

31. An unsophisticated debtor, when receiving such a letter would be left confused as to whether he or she is required to dispute the validity of the debt within 30 days after receiving the validation notice, or much sooner, or at any time.

32. When observing the first paragraph, any debtor, sophisticated or not, is likely to conclude that there is no specific time-period to disputing a debt when in fact there is a statutory

thirty day deadline as provided by 15 U.S.C. § 1692g.

33. The first paragraph could also falsely imply a sense of urgency to either pay or dispute immediately in contradiction of the thirty day deadline as provided by 15 U.S.C. § 1692g.

34. Said February 17, 2015 letter misrepresented and contradicted the Plaintiff's right to dispute the debt under 15 U.S.C. §§ 1692g and was deceptive and misleading in violation of 1692e and 1692e(10).

35. Said February 17, 2015 letter violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692g, 1692g(a), and 1692g(b).

36. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

37. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. The identities of all class members are readily ascertainable from the records of United Collection Bureau, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

39. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of United Collection Bureau, Inc., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

40. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

41. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

42. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

43. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

44. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

47. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

48. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty seven (47) as if set forth fully in this cause of action.

49. This cause of action is brought on behalf of Plaintiff and the members of two classes.

50. The first class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letter sent to the Plaintiff on or about February 17, 2015; and (a) the

collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5) and 1692e(10) and 1692g(1) for misrepresenting the amount of the debt owed, for false and deceptive threats and for failing to accurately state the balance of the debt by stating that the outstanding balance may increase. Therefore, leaving the least sophisticated consumer to be uncertain of her rights.

51. The second class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letters as the letter sent to the Plaintiff on or about February 17, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692g, 1692g(a), and 1692g(b) for false and misleading representations and for overshadowing and contradicting the Plaintiff's validation rights.

**Violations of the Fair Debt Collection Practices Act**

52. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

53. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

     (a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

     (b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

     (c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 15, 2016

       /s/ Maxim Maximov
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 395-3459
Facsimile: (718) 408-9570
E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

       /s/ Maxim Maximov
Maxim Maximov, Esq.